<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| N.V., | : | **Civil Action No. 23-1888 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff N.V. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 23, 2020. A hearing was held before ALJ Ricardy Damille  (the "ALJ") on February 18, 2022, and the ALJ issued a partially favorable decision on March 30, 2022: the ALJ determined that Plaintiff was disabled beginning August 13, 2021, but not before. Plaintiff sought review of the unfavorable part of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision

became the Commissioner's final decision, and Plaintiff filed this appeal.  There is no dispute about the determination of disability beginning August 13, 2021; only the decision about the period prior to that date is before the Court in this appeal.

In the decision of March 30, 2022, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that, prior to August 13, 2021, Plaintiff retained the residual functional capacity to perform medium work, with certain exertional and nonexertional limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that, prior to August 13, 2021, there were other jobs existing in significant numbers in the national economy which the claimant could perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act, prior to August 13, 2021.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ failed to meaningfully consider Plaintiff's obesity alone and in combination with other severe impairments, as required by Diaz; and 2) the ALJ did not sufficiently explain the rationale for the residual functional capacity determination at step four.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether

individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff first argues that the ALJ failed to meaningfully consider Plaintiff's obesity alone and in combination with other severe impairments.  Plaintiff cites the Third Circuit's decision in Diaz, which held: "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step."  Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). Plaintiff argues that the ALJ's decision does not comply with the requirements of Diaz.

In opposition, the Commissioner observes that, at step two, the ALJ found obesity to be a severe impairment (Tr. 24); at step three, the ALJ stated that, although obesity was not a listed impairment, it had been considered in the context of the overall record (Tr. 24); at step four, the ALJ reviewed the medical evidence of obesity (Tr. 28), and discussed the lack of evidence that, prior to August 13, 2021, obesity alone or in combination with other impairments, would prevent

3

Plaintiff from working (Tr. 31.)

Plaintiff did not submit a reply brief and has thus offered no response to the Commissioner's argument that points, with pin cites, to the documentation of the ALJ's consideration of obesity, alone and in combination with other impairments. The Court is thus left with Plaintiff's generalized contention that the ALJ, somehow, did not do enough. As Shinseki makes clear, Plaintiff bears the burden of proof both that the ALJ erred, and that the error harmed her. Here, Plaintiff has failed to carry either part of that burden. Plaintiff has not persuaded the Court that the ALJ's decision fails to meet the requirements of Diaz, nor has she mustered the evidence to show that, but for the error, she would have met her burden of proof at step four that her impairments limited her residual functional capacity to a disabling degree, prior to August 13, 2021. Plaintiff has failed to demonstrate harmful error under Shinseki.

Plaintiff next argues that, at step four, the ALJ failed to present any rationale that connects the evidence of record to the residual functional capacity determination, such that the RFC analysis is immune from judicial review. Plaintiff does not, however, point to any specific unanswered questions, unexplained inferential leaps, or unsupported conclusions.

The Court has reviewed the ALJ's discussion at step four and finds that the explanation is sufficient to allow meaningful review of the decision, and that the decision is supported by substantial evidence. The ALJ began by reviewing the evidence provided by Plaintiff herself (Tr. 26-27) and the medical records (Tr. 28-29.) The ALJ concluded that the claimant's statements about the intensity, persistence and limiting effects of her symptoms were not fully supported prior to August 13, 2021. The ALJ then considered the opinions of the state agency medical consultants, and found them persuasive as to the period prior to August 13, 2021. (Tr. 30.) Plaintiff does not dispute that, in fact, those consultants found the claimant to be capable of

4

unskilled medium work.  (Tr. 90, 98.)  Plaintiff has offered no medical opinions that state that, prior to August 13, 2021, any of Plaintiff's work-related functional capacities was significantly limited.

Moreover, the ALJ appears to have considered the opinions of the state agency medical consultants carefully, as the ALJ found them only partially persuasive.  The ALJ concluded that the medical evidence supported finding greater limitations than those stated by the consultants, for the period beginning August 13, 2021.  (Tr. 30.)  As the ALJ explained, as of that date, greater limitations were supported based on the EMG evidence and the records of physical therapy for neck and back pain.  (Tr. 31.)

Having reviewed the ALJ's analysis at step four, the Court finds sufficient explanation of the rationale for the decision to permit meaningful review.  The Court also finds that the step four residual functional capacity determination is supported by substantial evidence, the opinions of the state agency medical consultants.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")

Furthermore, the Court finds that Plaintiff has not carried her burden under Shinseki to prove harmful error.  Plaintiff's brief at most argues that the ALJ did not explain the decision at step four well enough for the Court to review it.  As just stated, the Court disagrees.  Plaintiff has not even attempted to demonstrate that she met her burden of proof at step four that her impairments limited her residual functional capacity to a disabling degree, prior to August 13, 2021.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors.  Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in her favor, and has made no demonstration of

5

prejudice as required by <u>Shinseki</u>.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

         s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: December 14, 2023

6